UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY, | No. C 07-04943 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Transfer to the District of New Mexico** |
| UNITED NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

BACKGROUND

On August 21, 2007 plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") filed an action in the Superior Court of the State of California in the County of Marin regarding an insurance dispute. That action was removed to this court on September 24, 2007 based upon diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441.

Plaintiff Fireman's Fund is a California corporation having its principal place of business in California. Defendant United National Insurance Company ("United") is a Pennsylvania corporation having its principal place of business in Pennsylvania. In its answer and counterclaim, defendant added a cross-defendant, Interstate Fire and Casualty Company ("Interstate"). Interstate appears to be an Illinois corporation with its principal place of business in Chicago, Illinois. On March 27, 2008, a stipulation among the parties was entered dropping Fireman's Fund as a party and replacing it with Interstate for all purposes.

The dispute concerns monies paid in order to settle a wrongful death claim against United's and Interstate's mutual insured, Cirrus Medical Staffing, Inc. ("Cirrus"). Cirrus is headquartered in North Carolina. The events that led to the underlying action seem to have all occurred in Albuquerque, New Mexico and the underlying action giving rise to the claims here was litigated in the state court in New Mexico. Interstate settled that action for $499,000 and now seeks declaratory relief and equitable contribution and/or indemnity from United for defense costs and indemnity expenses it paid on behalf of Cirrus related to the underlying action.

On July 31, 2008 this court issued an order to show cause as to why this action should not be transferred to the District of New Mexico, which was the locus of the events that led to this litigation. See Docket No. 65.

DISCUSSION

The parties concede that Fireman's Fund was not a proper plaintiff since the insurance policies at issue here were issued by either Interstate or United; none were issued by Fireman's Fund. As discussed in the court's July 31, 2008 order, venue is technically proper in the Northern District of California. However, California has no connection to this litigation. The proper plaintiff and counter-claim defendant is an Illinois resident. The defendant and counter-claimant is a Pennsylvania resident. The underlying acts took place in New Mexico and the parties' mutual insured, Cirrus, is a North Carolina resident that does not seem to conduct any business in California.

Under 28 U.S.C. section 1404(a), this court may transfer a civil action "in the interest of justice . . . to any other district or division *where it might have been brought*." (emphasis added). The language of section 1404(a) is broad enough that a district court can order transfer *sua sponte*. Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction 3d § 3844.

The court is in agreement with the parties' assertion that the paramount consideration when transferring venue is the convenience of the parties and the interests of justice. The parties argue this court should not transfer this action because: 1) dispositive summary judgment motions have

2

been filed; 2) California law is to be applied here; 3) this court is familiar with California law; 4) the litigation will be delayed; and 5) parties have consented to this venue.  The court is unconvinced.

First, the parties complain that they have invested significant time and effort in bringing the action to its current posture.  The litigants, however, should have been aware that whatever connection California had to this dispute disappeared when Fireman's Fund was dismissed from this action.  Consequently, the litigants cannot now claim they will be prejudiced after having failed to bring this issue to the court's attention earlier.

Second, the court is concerned about the parties' stipulation that California law applies here.  The court's review of the two policies at issue does not reveal any Cirrus operations in California.  All of the locations covered by the policies are outside of California.  Joint Statement of Undisputed Facts, Exh. A at IFC00153, Exh. B at UNIC0559–UNIC0560.  The insurers and the insured were thus certainly aware that the insured does not conduct any business in California and consequently, the application of California law here seems suspect.  Indeed, the United policy has four state-specific endorsements, none of which relate to California.  Specifically, endorsements for North Dakota, Ohio, Washington and West Virginia can be found in the policy.  Further, neither policy contains a choice of law clause.  Overall, the court finds no evidence that parties to the insurance policies contemplated the application of California law.

United's argument that California law must be applied here because New Mexico lacks legal authority on the key issues presented here is utterly unpersuasive.  New Mexico does have relevant law.  See City of Santa Rosa v. Twin City Fire Ins. Co., 140 N.M. 434, 435 (2006) ("In this insurance case, we consider whether the filing of a discrimination charge with state and federal agencies constitutes a 'claim' under a type of insurance policy known as a 'claims made' policy"); see also Gen. Ins. Co. of Am. v. Rhoades, 196 F.R.D. 620 (D.N.M. 2000) (analyzing attorney's claim-made professional malpractice liability insurance policy for ambiguity).  The issue here is a simple matter of contract interpretation.  Surely, United is not arguing that New Mexico courts cannot interpret contracts, even insurance contracts.  In any event, the mere fact that a state is allegedly lacking in legal authority does not compel bringing an action in a state with a larger body of law.  Nor does it compel the application of that latter state's laws.  Indeed, if counsel is correct,

3

1  then counsel should take this opportunity to address this issue of first impression to create new law
2  in New Mexico. Counsel are, of course, welcome to rely upon California's well-developed
3  jurisprudence as persuasive authority.

4      United's argument that New Mexico does not have an interest in this litigation is also
5  incorrect. New Mexico has a far greater interest in this litigation than does California. The
6  underlying events took place in New Mexico and the insured, although residing in North Carolina,
7  does business in New Mexico and it is out of that business that this case arises. The fact that the
8  New Mexico litigation is now settled does not render the New Mexico venue less significant. In
9  sum, United is correct to assert that "[t]he case, after all, had to be decided somewhere"; however, it
10 is incorrect in asserting that "California seemed as good as any other jurisdiction for that purpose."
11 United Response to Order to Show Cause at 2. The only reason for invoking California interest was
12 the presence of Fireman's Fund, which did not belong, and is no longer involved, in the action. In
13 other words, California does not have a "horse in this race".

14     Third, based on the above, even if California law may apply, the court's familiarity with that
15 law is irrelevant. Furthermore, federal courts are called upon to interpret state law on a daily basis.
16 If California law is used, this court has full faith in the ability of her colleagues in the District of
17 New Mexico to properly interpret California law.

18     Fourth, as discussed above, whatever delay, expense or duplication of effort this transfer may
19 cause has been brought on by the parties themselves. The parties gave the court no indication that
20 after the dismissal of Fireman's Fund, California had no interest in the adjudication of this dispute.
21 Thus, the parties' need to hire local counsel in New Mexico is simply a necessary consequence of
22 the parties' own decisions about this litigation. There is also no concern of wasted judicial resources
23 here. Since the court has yet to consider the parties' summary judgment motion on the merits, this
24 transfer will not lead to a duplication of judicial effort. Finally, if as United claims, California's
25 choice of law rules would require the application of California law even in the District of New
26 Mexico, then the parties will not be prejudiced by this transfer since the summary judgment briefs
27 have already been written.
28

4

Fifth, the parties claim that they have properly consented to venue in this district. The court does not disagree. Indeed, both defendant and the counter-claim defendant (who is the proper plaintiff) have conceded *in personam* jurisdiction. The relevant question, however, is whether the interests of justice require a transfer. The parties may not merely concede jurisdiction and bring their lawsuit where they wish if the action has no nexis or rational relationship to that venue. The court is not seeking to vindicate its own convenience, but that of other fora where the underlying incident occurred or which have an interest in application of their law to this dispute. Indeed, insurance companies are regulated by the states and the state in which this contract was entered into or where the insured resides has a far greater interest in the application of its law to this dispute than does California.

The parties cite to the antiquated out of circuit decision in Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371–72 (2d Cir. 1966) for support. There the court held:

> Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue.

Id. This court finds *sua sponte* transfer to be appropriate here because of extraordinary circumstances here. California simply has no interest in this litigation. Similarly, Vintage Grapevine, Inc. v. Mara, 151 F. Supp. 2d 596 (E.D. Pa. 2001) is distinguishable. There, at least a tenuous connection to the forum existed because one of the litigants marketed its products there, albeit only for a short period of time. Id. at 598 n.1. Again, there is simply no connection to California here.

CONCLUSION

For the foregoing reasons, this action is ordered TRANSFERRED to the District of New Mexico. The clerk of the court shall transmit the file forthwith.

IT IS SO ORDERED.

Dated: August 22, 2008

MARILYN HALL PATEL
United States District Court Judge

5

Northern District of California

**United States District Court**
For the Northern District of California